IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES NEUMANN,

      Plaintiff,                       No. CIV S-07-0082 DFL CMK P

    vs.

MARTIN VEAL, Warden, et al.,

      Defendants.

_____/      ORDER

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $1.00 will be assessed by this order. See 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty

1

percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff brings this action against the following defendants: Martin Veal, Warden of the California Medical Facility; J. Paulsen, Chief Dental Officer; Ms. A. Mendoza, Secretary to the Chief Dental Officer; Ms. E. Mayorga, Dental Assistant; Ms. F. Raferty, Dental Assistant; Opain Gyaami, Doctor of Dental Medicine/Surgery and; John and Jane Does 1-12. Plaintiff alleges that he was denied dental care in violation of the Eighth Amendment. Specifically, plaintiff alleges that he was in severe pain from a toothache. Plaintiff requested to be seen by the dental clinic in November 2002. After waiting two weeks and hearing no response, plaintiff asked other prison staff to intervene. At this point, plaintiff was in severe pain. Other prison staff contacted the dental clinic and asked the staff to see plaintiff. Plaintiff was taken personally to the dental clinic, where staff members asked the dental clinic to treat him. Defendants Mayorga and Raferty denied plaintiff medical care. Plaintiff eventually had another inmate help him extract his own tooth because the dental clinic staff refused to treat him.

Plaintiff alleges that defendants Veal, Paulson, Mendoza and Gyaami are liable for the alleged violation of his Eighth Amendment rights by virtue of their supervisory capacities—they failed to properly supervise employees and ensure that plaintiff received medical care. Supervisory personnel are generally not liable under 42 U.S.C. § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)(citation omitted). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. See id. For example, denial of appeals is, in some cases sufficient to establish supervisory liability, see Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992), and knowledge of a policy and practice that allegedly resulted in an inmates rape could be sufficient to establish liability. See Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991)(en banc).

Construing plaintiff's allegations broadly and in a light most favorable to him, plaintiff has stated a cognizable Eighth Amendment claim against defendants Mayorga and

1  Raferty.  He has attached exhibits to his compliant which, taken in a light most favorable to him,
2  indicate that defendant Paulson was aware of the alleged denial of dental care but failed to act to
3  cure the violation.
4      Plaintiff has failed to state a cognizable claim against defendants Veal, Mendoza
5  and Gyaami.  Accordingly, the court finds that service for these defendants is not appropriate.
6      To the extent that plaintiff alleges claims against defendants Paulson, Raferty, and
7  Mayorga, he states a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C.
8  § 1915A(b).  If the allegations against Paulson, Raferty, and Mayorga are proven, plaintiff has a
9  reasonable opportunity to prevail on the merits of this action.  The court, therefore, finds that
10 service is appropriate and will direct service on these defendants by the U.S. Marshal without
11 pre-payment of costs.  Plaintiff is informed, however, that this action cannot proceed further
12 until plaintiff complies with this order.  Plaintiff is warned that failure to comply with this order
13 may result in dismissal of the action.  See Local Rule 11-110.
14      Plaintiff's amended complaint identifies Does 1-12.  The court cannot order
15 service of process on fictitious defendants.  Upon discovering the name of the "Doe" defendants,
16 [or any of them], plaintiff must promptly file a motion for leave to amend, accompanied by a
17 proposed amended complaint identifying the additional defendant or defendants.  Plaintiff is
18 cautioned that undue delay in discovering defendants' names and seeking leave to amend may
19 result in the denial of leave to proceed against these defendants.
20      In accordance with the above, IT IS HEREBY ORDERED that:
21      1.  Plaintiff's request for leave to proceed in forma pauperis is granted.
22      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
23 Plaintiff is assessed an initial partial filing fee of $1.00.  All fees shall be collected and paid in
24 accordance with this court's order to the Director of the California Department of Corrections
25 filed concurrently herewith.
26 ///

3. Service is appropriate for the following defendants: Paulson, Raferty, and Mayorga

4. The Clerk of the Court shall send plaintiff three USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed in this court on January 12, 2007.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 3 above; and

    d. Four copies of the endorsed complaint filed in this court on January 12, 2007.

6. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: April 17, 2007.

*(signature)*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT
9             FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11          Plaintiff,                    No. CIV
12     vs.
13                                        NOTICE OF SUBMISSION
14          Defendants.                   OF DOCUMENTS
15 _____/
16          Plaintiff hereby submits the following documents in compliance with the court's
17 order filed _____:
18          _____     completed summons form
19          _____     completed USM-285 forms
20          _____     copies of the _____
                                    Complaint/Amended Complaint
21 DATED:
22
23                                        _____
                                          Plaintiff
24
25
26