IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES NEUMAN, | No. CIV S-07-0082-DFL-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| VEAL, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's original complaint which names the following six defendants: Veal, Mendoza, Paulsen, Mayorga, Raferty, and Gyaami. On April 18, 2007, the court issued an order determining that service of the complaint was appropriate for defendants Paulsen, Mayorga, and Raferty.[1]

Service was not deemed appropriate for defendants Veal, Mendoza, and Gyaami – who are all supervisory personnel – because plaintiff's vague and conclusory allegations failed to allege supervisory liability. Although the court advised plaintiff of the appropriate standards

---

[1] Plaintiff has submitted documents necessary for service of these defendants. By separate order, the court will direct service by the United States Marshal.

1

for alleging the liability of supervisory defendants, plaintiff neither objected to the court's April 18, 2007, order nor sought to amend the complaint to state further allegations against defendants Veal, Mendoza, or Gyaami.  Indeed, a further review of the third amended complaint reveals that the allegations against these defendants are based solely on their roles as supervisors, and not because of any personal involvement or knowledge of the alleged violations by other defendants.  In contrast, plaintiff specifically alleges that defendant Paulsen – also a supervisory defendant – was aware of the alleged denial of medical care but failed to act to cure the violation.

Given that plaintiff alleged specific knowledge on the part of supervisory defendant Paulsen but not on the part of the other supervisory defendants, it does not appear possible that the deficiencies identified herein can be cured by amending the complaint.  Therefore, plaintiff is not entitled to leave to amend prior to dismissal of defendants Veal, Mendoza, and Gyaami.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  This action should proceed against defendants Paulsen, Mayorga, and Raferty only.

Based on the foregoing, the undersigned recommends that defendants Paulsen, Mayorga, and Raferty be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 7, 2007.

                                                                                                 **CRAIG M. KELLISON**
                                                                                                 UNITED STATES MAGISTRATE JUDGE