IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES NEUMAN, | No. CIV S-07-0082-DFL-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| VEAL, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's original complaint which names the following six defendants: Veal, Mendoza, Paulsen, Mayorga, Rafferty, and Gyaami. On April 18, 2007, the court issued an order determining that service of the complaint was appropriate for defendants Paulsen, Mayorga, and Rafferty. Pending before the court is defendants Mayorga, Rafferty and Paulsen's motion to dismiss (Doc. 30).[1] Also pending before the court is plaintiff's request for leave to file an amended complaint (Doc. 40).

---

[1] Service was deemed not appropriate for defendants Veal, Mendoza, and Gyaami because plaintiff's vague and conclusory allegations failed to allege supervisory liability. Plaintiff was provided an opportunity to amend his complaint, which he failed to do in a timely manner. After the pending motion to dismiss was filed, plaintiff filed an amended complaint, which was stricken as filed without leave to amend. Plaintiff was informed that in order to file an amended complaint, he had to submit a request for leave of court to so.

1

A.     FACTS

Plaintiff's original complaint, which was filed August 24, 2006, alleges that he was denied dental care in violation of the Eighth Amendment. Specifically, plaintiff alleges that he was in severe pain from a toothache. Plaintiff requested to be seen by the dental clinic in November 2002. After waiting two weeks and hearing no response, plaintiff asked other prison staff to intervene. At this point, plaintiff was in severe pain. Other prison staff contacted the dental clinic and asked the staff to see plaintiff. Plaintiff was taken personally to the dental clinic, where staff members asked the dental clinic to treat him. He alleges defendants Mayorga and Rafferty denied him medical care. Plaintiff eventually had another inmate help him extract his own tooth because the dental clinic staff refused to treat him.

Plaintiff's complaint also includes facts related to another incident in November 2006.[2] In this incident, plaintiff again requested emergency dental care, which he claims the defendants refused to provide, requiring him again to extract his own tooth. (See Complaint (Doc. 1) at 55 of 77).[3] However, the only individual plaintiff names in this section is a nurse named Mrs. Chan (who is not named as a defendant in this action). None of the named defendants (in either the original or amended complaint) are linked to this incident.

Plaintiff's proposed amended complaint[4] attempts to add two additional defendants and link one of the original defendants to the alleged actions. Although it is somewhat unclear, the additional facts plaintiff adds in his amended complaint appear to arise

---

[2]  The court notes that plaintiff's date must be erroneous as he claims the second incident occurred in November 2006, but his complaint was filed three months prior to this date in August 2006. It appears from the other documents filed with the complaint that the second incident likely occurred in November 2005.

[3]  These facts are set out in the exhibits of the original complaint, but are included in the body of the amended complaint. (See First Amended Complaint (Doc. 34) at 8 of 49).

[4]  Plaintiff's amended complaint (Doc. 34) was stricken as filed without leave of court. However, because plaintiff filed a request for leave to file an amended complaint, the court will address the stricken amended complaint as it is the only one available to the court. Plaintiff did not attach a proposed amended complaint to his request.

from this second toothache he had in 2005/2006.  He specifically names an appeal coordinator (Cry) and a nurse (Singson) who he allege failed to submit his appeal as an emergency.

B.   MOTION TO DISMISS

Defendants bring this motion to dismiss on the basis of the statute of limitations and failure to state a claim.  Defendants claim that plaintiff missed the statute of limitations because he filed this action three years and nine months after the 2002 incident.  In addition, they claim plaintiff fails to allege personal participation by Dr. Paulsen, and fails to allege personal participation by defendants Mayorga or Rafferty after 2002.

1.   Statute of Limitations

For claims brought under 42 U.S.C. § 1983, the applicable statute of limitations is California's statute of limitations for personal injury actions.  See Wallace v. Kato, 127 S. Ct. 1091, 1094-95 (2006); Wilson v. Garcia, 471 U.S. 261, 280 (1985); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).  State tolling statutes also apply to § 1983 actions.  See Elliott v. City of Union City, 25 F.3d 800, 802 (citing Hardin v. Straub, 490 U.S. 536, 543-44 (1998)).

Before January 1, 2003, the statute of limitations for personal injury actions was one year.  See Cal. Code Civ. Proc. § 340(3); see also Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999) (citing Elliott, 25 F.3d at 802, and applying the one-year limitation period specified in § 340(3)).  The personal injury statute of limitation was extended by passage of California Code of Civil Procedure § 335.1 to two years, effective January 1, 2003.  See Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007) (citing Cal. Code Civ. Proc. § 335.1).  The extension of this statute of limitations, however, does not apply retroactively to claims which were already barred under one-year limitation period specified in § 340(3), plus any statutory tolling, as of the effective date of January 1, 2003.  See id. at 955 (citing Douglas Aircraft v. Cranston, 58 Cal.2d 462 (1962)).

///

1    At the time <u>Elliott</u> was decided – 1994 – California Code of Civil Procedure
§ 352(a)(3) provided tolling of the statute of limitations when the plaintiff is "[i]mprisoned on a criminal charge, or in execution under sentence of a criminal court for a term of less than for life." That tolling, however, only applies if the disability of incarceration existed at the time the claim accrued. <u>See</u> <u>Elliott</u>, 25 F.3d at 802 (citing Cal. Code Civ. Proc. § 357). Pre-conviction incarceration qualifies. <u>See</u> <u>id.</u> By the time <u>Fink</u> was decided – 1999 – the California tolling provision for the disability of incarceration had been amended. Specifically, California Code of Civil Procedure § 352.1, which became effective January 1, 1995, provides prisoners with only two years of tolling. <u>See</u> <u>Fink</u>, 192 F.3d at 914. Prior to the effective date of § 352.1, prisoners enjoyed tolling for the entire time of sentences less than life. <u>See</u> <u>id.</u> The Ninth Circuit in <u>Fink</u> concluded that § 352.1 applies retroactively. <u>See</u> <u>id.</u> at 915. Thus, for § 1983 claims which accrued before January 1, 1995, the running of the statute of limitations is tolled for two years, or until January 1, 1997, whichever is later. <u>See</u> <u>Fink</u>, 192 F.3d at 916.

Under these rules, prisoner civil rights claims which accrue after January 1, 2003, are subject to the two-year limitations period specified in § 335.1 and this time is tolled for two years under § 352.1, for an effective limitations period of four years.

A statute of limitations defense may be raised by a motion to dismiss if the running of the statute is apparent on the face of the complaint. <u>See</u> <u>Jablon v. Dean Witter & Co.</u>, 614 F.2d 677, 682 (9th Cir. 1980). Here, the statute of limitations does not appear to have run based on the facts alleged in the complaint. Plaintiff's allegations arise from an incident in November 2002. He filed his complaint in August 2006. As the defense points out, this is three years nine months after the alleged incident. Thus, plaintiff filed his complaint within the effective four year limitations period. Although there is some information contained in the complaint and/or its exhibits which indicate plaintiff was released from prison for a period of time, there is no information on the face of the complaint to indicate the date he was released and/or the date he returned. The court does not have before it the amount of time plaintiff was

released from prison, and thus not eligible for the two years of tolling provided in California Code of Civil Procedure § 352.1. Therefore, it is not apparent on the face of the complaint that the statute of limitations has run. Defendant's motion to dismiss on the basis of the statute of limitations should be denied.

2. Failure to State a Claim

Defendant Paulsen argues that plaintiff's complaint fails to allege sufficient facts to link him to a constitutional violation. He claims that the only allegation in plaintiff's complaint is that he was the Chief Dentist at the California Medical Facility (CMF) at the time plaintiff's complaint was filed, and that plaintiff never alleged that he was the Chief Dentist at any time before that or was personally involved in any constitutional violation.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). In determining whether a complaint states a claim upon which relief can be granted, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily lies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994), except prison regulations, see Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations, or had actual knowledge of the violations and failed to act to prevent them. See id. When a defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's complaint appears to identify two separate incidents in which he alleges he was denied necessary dental care in deliberate indifference to serious condition. Dr. Paulsen appears to have been the Chief Dentist at CMF during the second incident, having reviewed

plaintiff's inmate appeal at the first level in February 2006.  As the court stated in its screening order filed April 18, 2007, construing plaintiff's allegations broadly and in a light most favorable to him, this indicates that Dr. Paulsen was aware of the alleged denial of dental care and failed to act to cure the violation.  The court agrees with defendant Paulsen that plaintiff fails to link him to the 2002 incident, but that does not necessarily hold true for the 2005/2006 incident. Therefore, the motion to dismiss the claims against Dr. Paulsen should be denied.

Finally, defendants Mayorga and Rafferty claim this case should be dismissed as against them because the only allegations against them arise from the 2002 incident, which they claim is barred by the statue of limitations.  As discussed above, it is not clear from the face of the complaint that the allegations arising from the 2002 incident are barred by the statute of limitations.  Therefore, the claims against defendants Mayorga and Rafferty should not be dismissed.

### C.    AMENDING THE COMPLAINT

Plaintiff has requested leave to file an amended complaint.  The first amended complaint (Doc. 34) names the following six defendants: Paulsen, Rafferty, Mayorga, Gyaami, Cry and Singson.  As stated above, the amended complaint attempts to add two additional defendants and link one of the original defendants to the alleged actions.[5]  Although it is unclear, the additional facts plaintiff adds in his amended complaint appear to arise from the second toothache he had in 2005/2006.  He specifically names an appeal coordinator (Cry) and a nurse (Singson) who he allege failed to submit his appeal as an emergency.  He also states that Dr. Gyaami[6] had ordered medication for his pain and possible infection, but would not examine him.

---

[5] Plaintiff has deleted from his list of defendants Veal and Mendoza, against whom the court had found plaintiff did not state a claim in his original complaint.  In all other aspects, the amended complaint is identical to the original complaint.

[6] Dr. Gyaami was also named in the original complaint, but was only named as a supervisory defendant without facts to link him to any actual constitutional violation.  Therefore, the court found that he failed to state a cognizable claim against him.

1       Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 105 (1976); see also Farmer, Farmer v. Brennan, 511 U.S. 825, 837 (1994). Therefore, the undersigned finds that plaintiff states a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations against Cry, Singson, and Gyaami are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action. Plaintiff should be allowed to proceed on his first amended complaint against the defendants listed therein.

      Based on the foregoing, the undersigned recommends that

    1.    Defendants' motion to dismiss (Doc. 30) be denied;

    2.    Plaintiff be allowed to proceed on his first amended complaint (Doc. 34); and

    3.    This matter be referred back to the undersigned for further proceedings.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 14, 2008

                          /s/ Craig M. Kellison
                          **CRAIG M. KELLISON**
                          UNITED STATES MAGISTRATE JUDGE