IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES NEUMAN, | No. CIV S-07-0082-JAM-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| VEAL, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. On August 19, 2009, the court issued an order requiring Plaintiff to show cause in writing, within 30 days, why this action should not be dismissed for his failure to keep the court informed of his current address. No response has been received.

On July 13, 2009, Defendants filed a motion to compel discovery responses (Doc. 61). Plaintiff failed to file an opposition to the motion. In the motion, Defendants informed the court that Plaintiff had apparently been paroled, and had not informed the court or the Defendants of his new address.

/ / /

/ / /

1

1    As stated in the order to show cause, Local Rule 83-182(f) requires attorneys and
2 parties proceeding pro se to keep the court and all other parties apprised of any change of address
3 or telephone number. It also provides that "[a]bsent such notice, service of documents at the
4 prior address of the attorney or party shall be fully effective." Local Rule 83-182(f). Plaintiff
5 was also previously informed of this requirement by court order. (See Doc. 21).

6    The court must weigh five factors before imposing the harsh sanction of
7 dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.
8 U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's
9 interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)
10 the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on
11 their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran,
12 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an
13 appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.
14 See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is
15 appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421,
16 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to
17 comply with a local rule requiring pro se plaintiffs to keep the court appraised of their address at
18 all times. See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam).

19    Having considered these factors, and in light of plaintiff's failure to respond to the
20 order to show cause, and his failure to keep the court apprised of his current address, the court
21 finds that dismissal of this action is appropriate.

22    Based on the foregoing, the undersigned recommends that this action be
23 dismissed, without prejudice, for Plaintiff's failure to keep the court apprised of his current
24 address and failure to comply with court rules and orders, and all pending motions be denied as
25 moot.
26 / / /

1   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 5, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE